# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 4, 2013

Lyle W. Cayce
Clerk

No. 12-51180
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

LUIS GONZALEZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 1:12-CR-84-9

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Luis Gonzalez pleaded guilty of conspiracy to possess with the intent to distribute five kilograms or more of cocaine.  In his plea agreement, Gonzalez

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

waived the right to appeal or collaterally attack, on any ground, his conviction or sentence, except that he retained the right to appeal a sentence that exceeded the statutory maximum and to raise, in a collateral proceeding, a claim based on ineffective assistance of counsel ("IAC") or prosecutorial misconduct. The district court sentenced Gonzalez to 324 months in prison, which was within the guideline range and below the maximum authorized by statute.

On appeal, Gonzalez contends, on various grounds, that his trial counsel rendered IAC, and he claims the district court erroneously calculated the amount of drugs for which he was responsible for purposes of sentencing and improperly assessed a leadership-role enhancement under United States Sentencing Guilelines § 3B1.1(a). The government states that it seeks to enforce the appeal waiver. The validity of an appeal waiver is a question of law that we review *de novo*. *United States v. Burns*, 433 F.3d 442, 445 (5th Cir. 2005).

The plain language of the plea agreement confirms that the waiver applies to the claims raised in the instant appeal. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Our review of the record indicates that Gonzalez knowingly and voluntarily waived his right to appeal, because he indicated that he had reviewed and understood the waiver and knew that he was waiving his appellate rights pursuant to its terms. *See id*.

Gonzalez contends that we should consider his IAC claim, because his attorney's ineffectiveness affected the validity of his guilty plea. We generally decline to review IAC claims that are raised on direct appeal where the record is insufficiently developed to allow the merits of the claims to be considered. *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006); *see also Massaro v. United States*, 538 U.S. 500, 502–06 (2003). The record is not adequately developed to enable us to review Gonzalez's IAC claim in the first instance, so we decline to address it on direct appeal.

The judgment is AFFIRMED.