# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-20379

United States Court of Appeals
Fif h Circuit

**FILED**

May 12, 2017

Lyle W. Cayce
Clerk

GASPAR SALAS,

> Plaintiff–Appellee,

v.

GE OIL & GAS,

> Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before SMITH, PRADO, and GRAVES, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

Plaintiff–Appellee Gaspar Salas brought claims against Defendant–Appellant GE Oil & Gas ("GE") for discrimination and retaliation. The district court granted GE's motion to compel arbitration and dismissed the case. However, the court later reopened the case and withdrew its prior order compelling arbitration. Because the district court lacked jurisdiction to do so, we VACATE and REMAND for further proceedings consistent with this decision.

## I. BACKGROUND

Salas is a former employee of GE. When Salas accepted employment at GE's predecessor, Dresser, Inc., he agreed to arbitrate all disputes between the

No. 16-20379

two parties. After GE acquired Dresser, Inc., GE introduced its own dispute resolution program called Solutions. GE advised Salas that if he continued to work at the company after November 1, 2013, he would "agree to participate in and abide by" this arbitration program. Salas did continue to work at GE past this date. In June 2014, Salas brought suit against GE in the district court claiming discrimination and retaliation in violation of Title VII. GE then moved to compel arbitration. The district court granted this motion in December 2014 and dismissed Salas's claims without prejudice.

The parties did not move forward with arbitration. Each side blames the other for the delay. In February 2016, Salas filed a motion in the district court to compel arbitration; GE opposed this motion as redundant. After a telephonic conference on this motion, the district court issued an order on March 30, 2016, reopening the case and withdrawing its earlier order compelling arbitration. The district court noted in this order that the parties had "failed" to arbitrate. After the court denied GE's motion for reconsideration, GE timely appealed.

## II. DISCUSSION

The parties contest both whether the district court had subject matter jurisdiction to issue its March 30, 2016 order and whether we have appellate jurisdiction over that order. We address appellate jurisdiction first.

### A.    Appellate Jurisdiction

GE contends that this Court has appellate jurisdiction under the Federal Arbitration Act ("FAA"), which permits an appeal from an order "denying an application . . . to compel arbitration." 9 U.S.C. § 16(a)(1)(C). Salas argues that the district court's order dated March 30, 2016, was not an order denying a motion to compel arbitration, and that in any event GE appealed the order denying its motion for reconsideration.

The district court's order dated March 30, 2016, followed a telephonic conference on Salas's motion to compel arbitration. Although the order did not

explicitly mention Salas's motion, the order withdrew the court's prior order granting GE's motion to compel arbitration and reopened the case. In essence, then, the court's March 30, 2016 order did deny an application to compel arbitration. *Compare Moss v. First Premier Bank*, 835 F.3d 260, 264 (2d Cir. 2016) (finding appellate jurisdiction over an order that "lifted a prior stay under Section 3 [of the FAA] and vacated a prior order compelling arbitration"), *and Koveleskie v. SBC Capital Mkts., Inc.*, 167 F.3d 361, 363 (7th Cir. 1999) (finding appellate jurisdiction over "a minute order"—in which "the district court refused to compel arbitration"—because "there [was] no doubt from the record that the district court denied the defendant's motion [to compel arbitration] and clearly meant to foreclose arbitration"), *with Van Dusen v. Swift Transp. Co.*, 830 F.3d 893, 897 (9th Cir. 2016) (finding no appellate jurisdiction over "a case management order designed to lead to a decision on a motion to compel arbitration"). Additionally, GE's motion for reconsideration tolled its time to appeal. Fed. R. App. P. 4. This Court therefore has appellate jurisdiction under 9 U.S.C. § 16(a)(1)(C).

## B.    Subject Matter Jurisdiction

GE principally argues that the district court lacked subject matter jurisdiction to reopen the case. Because the district court fully dismissed this case in December 2014, GE contends, the court could no longer exercise jurisdiction other than to enforce an arbitration award. In response, Salas argues that GE has waived its right to arbitration.

"We exercise plenary, de novo review of a district court's assumption of subject matter jurisdiction." *Adam Techs. Int'l S.A. de C.V. v. Sutherland Glob. Servs., Inc.*, 729 F.3d 443, 447 (5th Cir. 2013) (quoting *Local 1351 Int'l Longshoremens Ass'n v. Sea-Land Serv. Inc.*, 214 F.3d 566, 569 (5th Cir. 2000)). This Court has held that a district court may retain ancillary jurisdiction (beyond merely enforcing the arbitration award) even after compelling

arbitration and dismissing a case. *Id.* at 449. Thus, the fact that the district court fully dismissed this case is not necessarily fatal to the court's exercise of jurisdiction.

But the FAA limits "jurisdiction by the courts to intervene into the arbitral process prior to issuance of an award." *Gulf Guar. Life Ins. v. Conn. Gen. Life Ins.*, 304 F.3d 476, 486 (5th Cir. 2002). Even if some default occurs in the arbitral process, courts may not intervene "beyond the determination as to whether an agreement to arbitrate exists and enforcement of that agreement." *Id.* at 487; 9 U.S.C. § 4 ("If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. . . . If the jury find that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof."). For example, in *Gulf Guaranty*, we found that a district court could not entertain torts claims alleging "failure or breach of the agreed upon arbitral process" prior to issuance of an award; such claims do "not appear to fall within the ambit of a court's authority to enforce a valid arbitration agreement under the FAA." 304 F.3d at 486, 488. Nor does the FAA authorize a court to hear pre-award "disputes over the qualifications of an arbitrator to serve," unless the dispute raises concerns "that the very validity of the agreement [is] at issue." *Id.* at 491. As an example of appropriate judicial intervention, in *Adam Technologies* we held that the district court possessed jurisdiction to hear a motion to appoint an arbitrator even though the court had already entered judgment. 729 F.3d at 447–49. "[A]ncillary jurisdiction existed" in that case "to evaluate whether the dismissal that allowed the dispute to be taken to arbitration was being thwarted." *Id.* at 449.

4

No. 16-20379

The district court's order of March 30, 2016, did not fall within the narrow scope of this ancillary jurisdiction. The court neither determined whether the parties' agreement to arbitrate was valid nor enforced that agreement. Instead, the court found that the parties had "failed" to arbitrate and withdrew its prior order compelling arbitration. This was not permitted under the FAA. 9 U.S.C. § 4.

Salas's counterargument—that GE has waived its right to arbitration—does pertain to whether an arbitration agreement exists. But the district court did not address this issue, and in any event the argument is meritless. We have made clear that "there is a strong presumption against finding a waiver of arbitration." *Al Rushaid v. Nat'l Oilwell Varco, Inc.*, 757 F.3d 416, 421–22 (5th Cir. 2014) (quoting *Republic Ins. v. PAICO Receivables, LLC*, 383 F.3d 341, 344 (5th Cir. 2004)). "[A] party waives its right to arbitrate if it (1) 'substantially invokes the judicial process' and (2) thereby causes 'detriment or prejudice' to the other party." *Id.* at 421 (quoting *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 497 (5th Cir. 1986)). GE has not invoked the judicial process at all in this case; accordingly, it has not waived its right to arbitration.

"[B]ased on a court's limited authority under the FAA to intervene in the arbitral process prior to issuance of an award," *Gulf Guar.*, 304 F.3d at 488, we conclude that the district court lacked jurisdiction to withdraw its order compelling arbitration and reopen the case due to a default in the arbitral process. On remand, the court's jurisdiction is limited to (1) determining whether an agreement to arbitrate still exists and (2) enforcing that agreement.

### III. CONCLUSION

For the foregoing reasons, the district court's order of March 30, 2016, withdrawing its previous order compelling arbitration, is VACATED, and this case is REMANDED for further proceedings consistent with this decision.