**REVISED September 1, 2017**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20083

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2017

Lyle W. Cayce
Clerk

JOSEPH MONTANO,

>    Petitioner – Appellant,

v.

STATE OF TEXAS,

>    Respondent – Appellee.

Appeal from the United States District Court
for the Southern District of Texas

Before JOLLY and ELROD, Circuit Judges, and STARRETT, District Judge.*
JENNIFER WALKER ELROD, Circuit Judge:

Joseph Montano's felony trial was terminated when the state trial judge declared a mistrial after a witness invoked his Fifth Amendment right against self-incrimination while testifying at trial. After Texas determined to retry him, Montano unsuccessfully sought relief in Texas court, arguing that a retrial would violate his rights under the Fifth Amendment's Double Jeopardy Clause. Montano then filed a habeas petition in federal district court, but the

---

* District Judge of the United States District Court for the Southern District of Mississippi, sitting by designation.

No. 16-20083

district court dismissed his habeas petition without prejudice for failure to exhaust available state remedies. Because Montano has exhausted all available state remedies in accordance with our precedent, we REVERSE the dismissal of his habeas petition and REMAND for adjudication of his Double Jeopardy claim.

## I.

Joseph Montano was indicted in Harris County, Texas, for the felony offense of aggregate theft from a nonprofit. His trial began in September 2013, but never reached fruition. Instead, the state trial judge declared a mistrial after a prosecution witness incriminated himself during cross-examination and thereafter invoked his Fifth Amendment right against self-incrimination. Texas determined to retry Montano on the same charge.

Montano sought habeas relief in state court, arguing that a retrial would violate the Fifth Amendment's Double Jeopardy Clause.[1] The state habeas court denied relief, as did the court of appeals, the latter concluding that Montano had consented to a mistrial. *See Ex parte Montano*, 451 S.W.3d 874, 877–80 (Tex. App.—Houston [1st Dist.] 2014, pet ref'd). The Texas Court of Criminal Appeals denied Montano's petition for review as well as his subsequent motion for rehearing.

Montano then filed a habeas petition in federal court under 28 U.S.C. § 2241, arguing again that a retrial would violate the Double Jeopardy Clause. The federal district court determined that Montano failed to exhaust all available state remedies as is required before a federal district court may entertain a Section 2241 petition. In particular, the district court cited two provisions of the Texas Code of Criminal Procedure that allow a defendant to

---

[1] The Double Jeopardy Clause provides that "[n]o person shall be . . . subject for the same offense to be twice put in jeopardy of life or limb[.]" U.S. Const. amend. V.

No. 16-20083

submit a special plea of Double Jeopardy at trial. *See* Tex. Crim. Proc. Code arts. 45.023(a)(3), 27.05. If Montano entered the special plea and was convicted, the district court concluded, he would "have the opportunity to appeal that conviction in state court and, if unsuccessful, to seek state habeas relief." The district court dismissed his Section 2241 petition without prejudice, and Montano timely appealed.

## II.

"We review for abuse of discretion a dismissal of a § 2241 petition for failure to exhaust administrative remedies." *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012); *see also Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (same). Any factual issues underlying the district court's decision are reviewed for clear error and issues of law are reviewed *de novo*. *Gallegos-Hernandez*, 688 F.3d at 194; *see also Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

## III.

Montano raises two arguments on appeal. First, he contends that the federal district court was wrong to conclude that he failed to exhaust available state remedies. Second, he argues the merits of his Double Jeopardy claim.

### A.

Unlike 28 U.S.C. § 2254, Section 2241's text does not require exhaustion. However, it has long been settled that a Section 2241 petitioner must exhaust available state court remedies before a federal court will entertain a challenge to state detention. As we explained before,

> [d]espite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved

## No. 16-20083

either by trial on the merits in the state court or by other state procedures available to the petitioner.

*Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *see also Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). At the same time, we have recognized that "[e]xceptions to the exhaustion requirement are appropriate where the available . . . remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller*, 11 F.3d at 62; *see also Gallegos-Hernandez*, 688 F.3d at 194 (same).

The district court determined that Montano still had state remedies available to him that he was required to exhaust before utilizing Section 2241. Specifically, the district court concluded that Montano had failed to exhaust Articles 45.023[2] and 27.05[3] of the Texas Code of Criminal Procedure, which allow a defendant to enter a special plea of Double Jeopardy at trial. The district court further reasoned that "[i]f Montano is retried and convicted, he will have the opportunity to appeal that conviction in state court and, if unsuccessful, to seek state habeas relief."

We disagree. In *Fain v. Duff*, 488 F.2d 218 (5th Cir. 1973), *reh'g en banc denied*, (5th Cir. Mar. 1, 1974), we confronted this precise issue. There, Florida

---

[2] Article 45.023 provides: "(a) After the jury is impaneled, or after the defendant has waived trial by jury, the defendant may: . . . (3) enter the special plea of double jeopardy as described in Article 27.05."

[3] Article 27.05 provides:

A defendant's only special plea is that he has already been prosecuted for the same or a different offense arising out of the same criminal episode that was or should have been consolidated into one trial, and that the former prosecution: (1) resulted in acquittal; (2) resulted in conviction; (3) was improperly terminated; or (4) was terminated by a final order or judgment for the defendant that has not been reversed, set aside, or vacated and that necessarily required a determination inconsistent with a fact that must be established to secure conviction in the subsequent prosecution.

sought to try a defendant (Fain) for rape after he had already been adjudicated delinquent for the same offense. *Id.* at 220–21. After having raised a Double Jeopardy challenge at every level of the state judiciary and ultimately not prevailed, Fain brought a Section 2241 petition in federal district court raising the same claim, and the district court granted relief. *Id.* at 221.

We held that Fain satisfied Section 2241's exhaustion requirement because he had raised and received a ruling on his Double Jeopardy claim at every level of the state judiciary; there was, then, "nothing more for the courts of Florida to say on [the] issue." *Id.* at 224. We acknowledged that "a petition for habeas corpus relief could be brought *after* the trial in state court," and that this would "leav[e] open the possibility that a finding of not guilty in state court would make resort to federal habeas corpus unnecessary." *Id.* (emphasis added). Despite this, we concluded that requiring a defendant to endure a second prosecution in order to fully exhaust a Double Jeopardy claim was incompatible with the nature of the Double Jeopardy Clause's protection:

> Fain is not asserting merely a federal defense to a state prosecution. He is asserting a constitutional right not to be twice put in jeopardy for the same offense. Although double jeopardy (if shown) would certainly be a proper defense to assert at trial and in postconviction proceedings, the right consists of more than having the second conviction set aside. It consists of being protected from having to undergo the rigors and dangers of a second-illegal-trial. Double jeopardy is not a mere defense to a criminal charge; it is a right to be free from a second *prosecution*, not merely a second *punishment* for the same offense . . . . The prohibition of the Double Jeopardy Clause is "not against being twice punished, but against twice being put in jeopardy."

*Id.* (quoting *United States v. Ball*, 163 U.S. 662, 669 (1896)). So, because Fain had pressed his Double Jeopardy claim at every level of the state judiciary up to the point of enduring a second trial, we held that he had fully exhausted his state remedies, even though he could be acquitted at trial or obtain relief through post-trial state proceedings. *Id.*

No. 16-20083

We hold, in accordance with *Fain*, that Montano has satisfied Section 2241's exhaustion requirement. There is no dispute that Montano has asserted his Double Jeopardy claim before every available state judicial forum, short of undergoing a second trial. Requiring Montano to endure a second prosecution before being able to assert his claim in federal court places him in precisely the same impermissible position as the petitioner in *Fain*: forced to forfeit the protections of his federal right before being permitted to seek its vindication in federal court.

The district court identified several state remedies that Montano had yet to exhaust. First, it observed that "[i]f Montano is retried and convicted, he will have the opportunity to appeal that conviction in state court and, if unsuccessful, to seek state habeas relief." That, however, is precisely the argument we rejected in *Fain. See id*. There, as here, the fact that Montano might prevail at trial—or in a post-trial proceeding—cannot provide relief, and is not a "remedy" in any meaningful sense, since the Double Jeopardy Clause protects against "having to undergo the rigors and dangers of a second-illegal-trial" in the first place. *Id.*

Second, the district court concluded that Montano could have availed himself of the special plea of Double Jeopardy provided by Texas law. *See* Tex. Crim. Proc. Code arts. 45.023, 27.05. Article 45.023 of the Texas Code of Criminal Procedure provides in relevant part that "*[a]fter the jury is impaneled . . .* the defendant may . . . enter the special plea of double jeopardy as described in Article 27.05." Tex. Crim. Proc. Code art. 45.023 (emphasis added). Texas law elsewhere provides that "[a]ll issues of fact presented by a special plea *shall be tried by the trier of the facts on the trial on the merits*." Tex. Crim. Proc. Code art. 27.07 (emphasis added).

These provisions, however, do not solve the fundamental problem identified in *Fain.* It is well-established that, "[f]or a jury trial, jeopardy

6

attaches when the jury is empaneled and sworn." *United States v. Jones*, 733 F.3d 574, 580 (5th Cir. 2013). These provisions of the Texas Code of Criminal Procedure are crystal clear that a special plea of Double Jeopardy may only be entered *after* the jury is impaneled and that the jury will not decide the merits of the special plea until the end of trial. The special plea is therefore just as incapable of protecting Montano's Double Jeopardy right as is the potential for acquittal at trial or post-trial proceedings.[4]

Texas relies on *Dickerson v. Louisiana*, 816 F.2d 220 (5th Cir. 1987) and *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973), but to no avail. *Braden* held that a defendant could bring a Speedy Trial Clause claim in a Section 2241 petition prior to trial. 410 U.S. at 489–93. In finding Section 2241's exhaustion requirement satisfied, the Supreme Court observed, first, that the defendant had presented his federal constitutional claim to the state courts, and second, that the defendant was not seeking to "forestall a state prosecution, but to enforce the [state's] obligation to provide him with a state court forum." *Id.* at 491.

Importantly, *Fain* addressed *Braden* in the context of its exhaustion ruling and concluded that its holding was in harmony with *Braden. See Fain*, 488 F.2d at 224 ("Again, this can be analogized to *Braden. . . .* [J]ust as in the case of speedy trial, the [Double Jeopardy] right is one which can and should be vindicated without waiting until the state decides to conduct a trial.").

---

[4] Texas also argues that *Fain* is distinguishable "because [Montano] has other state court remedies available which would allow for further state appellate review," presumably a reference to the "special plea." However, as just discussed, the special plea is not materially different than the situation addressed in *Fain*. Texas also relies on *Davis v. Anderson*, No. 4:10-cv-057, 2010 WL 2300407 (N.D. Tex. May 24, 2010), *report and recommendation adopted*, No. 4:10-CV-057-Y, 2010 WL 2300393 (N.D. Tex. June 7, 2010). Aside from the fact that we are not bound by *Davis*, the magistrate judge there found that "Davis ha[d] provided no proof of his efforts to exhaust state remedies or that state court remedies are unavailable or inadequate." *Id.* at *2. That is simply not so in this case. Montano raised his Double Jeopardy claim to every level of the Texas judiciary and was denied relief.

*Fain*'s interpretation of Supreme Court precedent is binding under our rule of orderliness. *See Barber v. Johnson*, 145 F.3d 234, 237 (5th Cir. 1998) ("Even if persuaded that [our prior panel opinion] is inconsistent with [an earlier Supreme Court opinion], we may not ignore the decision, for in this circuit one panel may not overrule the decision of a prior panel.").

As to *Dickerson*, that decision held that a defendant could not assert a Speedy Trial claim before trial in a Section 2241 petition. 816 F.2d at 226–28. We distinguished *Braden* on the ground that the habeas petitioner in that case had not sought to derail his criminal prosecution, only to compel the state to carry out the trial in a prompt fashion. *Id.* at 226. By contrast, the petitioner in *Dickerson* sought to have the charges against him dismissed due to the asserted Speedy Trial violation.[5] *Id.* Texas argues that Montano, like the petitioner in *Dickerson*, is seeking to derail his criminal prosecution.

This argument, however, disregards the critical differences between the rights at issue in these cases. The Speedy Trial Clause does not prohibit prosecution; it requires prompt prosecution. *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ."). The petitioner in *Dickerson* was not seeking to enforce this requirement, but sought instead to use the Speedy Trial Clause as a means of preventing prosecution from occurring at all. *Dickerson*, 816 F.2d at 226–27. By contrast, the whole point of the Double Jeopardy Clause *is* to bar prosecution. Montano's Section 2241 petition seeks nothing more than to enforce this protection, just as the petitioner in *Braden* sought nothing more than to enforce the Speedy Trial Clause's guarantee. To ignore the differences

---

[5] We also held that, to the extent the petitioner was seeking merely to compel the state to carry out a speedy trial, he had not exhausted all pre-trial remedies as had the petitioner in *Braden. See id.* at 228.

No. 16-20083

between Double Jeopardy and Speedy Trial protections is to fundamentally misunderstand these cases.[6]

Moreover, even if *Dickerson* were in conflict with *Fain*—which we do not read it to be—*Fain* would control under our rule of orderliness. *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008) ("It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court.").[7]

\* \* \* \* \*

The requirement that state criminal defendants exhaust available state remedies is vital to "preserv[ing] the respective roles of state and federal governments and avoid[ing] unnecessary collisions between sovereign powers." *Fain*, 488 F.2d at 224. While exceptions to this requirement appropriately apply "only in extraordinary circumstances," we do not require defendants to pursue state remedies that are "wholly inappropriate to the relief sought." *Fuller,* 11 F.3d at 62 (quotation marks omitted); *see also Gallegos-Hernandez*, 688 F.3d at 194. Such is the case here. As we recognized in *Fain*, Section 2241's exhaustion requirement does not mandate that defendants asserting a Double Jeopardy claim subject themselves to the very harm the Double Jeopardy clause protects against before being able to assert the right in federal court.

---

[6] Our decision in *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976) is distinguishable for these same reasons.

[7] Texas also argues that the district court was correct to dismiss Montano's petition based on the abstention doctrine recognized in *Younger v. Harris*, 401 U.S. 37 (1971). But whatever might follow from *Younger* in another context, *Fain* holds that a federal court may adjudicate a Double Jeopardy claim even though the possibility exists that the defendant could obtain a favorable result at or after trial. *See Fain*, 488 F.2d at 224.

9

No. 16-20083

**B.**

The Texas court of appeals rejected Montano's Double Jeopardy claim because it concluded that he implicitly consented to being retried—which is a recognized exception to the Double Jeopardy Clause's protections. *See Ex parte Montano*, 451 S.W.3d at 879–80. Montano argues that the state trial judge *sua sponte* ordered a mistrial and so he did not have time to object. He also argues that declaring a mistrial was improper because the witness had already incriminated himself and should not have been permitted to invoke his Fifth Amendment rights after the fact. And Montano notes that the witness who incriminated himself has now been granted immunity by Texas, which he claims will prejudice him if he is retried. Texas, by contrast, argues that Montano implicitly consented to the mistrial. Though the federal district court did not reach Montano's Double Jeopardy claim, Montano urges us to address it in the first instance.

We decline to do so. "As a court for review of errors," we do "not . . . decide facts or make legal conclusions in the first instance," but "review the actions of a trial court for claimed errors." *Browning v. Kramer*, 931 F.2d 340, 345 (5th Cir. 1991). In other words, "a court of appeals sits as a court of review, not of first view." *United States v. Vicencio*, 647 F. App'x 170, 177 (4th Cir. 2016) (quotation marks omitted); *see also United States v. Houston*, 792 F.3d 663, 669 (6th Cir. 2015) ("Like the Supreme Court, we are a court of review, not first view."). Given that the district court did not reach Montano's claim, the normal course would be to remand for the district court to do so. *See, e.g., Shanks v. AlliedSignal, Inc.*, 169 F.3d 988, 993 n.6 (5th Cir. 1999) ("We decline to examine these claims, because the district court never addressed [them].").

Adhering to this approach is particularly advisable here, where the record is not sufficiently developed to adjudicate Montano's Double Jeopardy claim. It is settled that "Double jeopardy may be waived by consent," *United*

10

*States v. Nichols*, 977 F.2d 972, 974 (5th Cir. 1992), and consent "can either be express or implied." *United States v. Palmer*, 122 F.3d 215, 218 (5th Cir. 1997). In rejecting Montano's Double Jeopardy claim, the Texas court of appeals concluded that Montano had impliedly consented to the mistrial and therefore waived his Double Jeopardy rights. *See Ex parte Montano*, 451 S.W.3d at 880. However, the record on appeal does not contain any of the transcripts or other materials from the trial proceedings necessary to adjudicate whether Montano provided such consent. The only record "evidence" as to what actually took place in the state proceeding comes in the form of the Texas court of appeals opinion, which reproduces snippets of the record in the course of its decision.

Because the district court did not address Montano's Double Jeopardy claim and because the record is not sufficiently developed to enable us to do so in the first instance, we do not address it. *See, e.g.*, *United States v. Gonzalez*, 540 F. App'x 267, 268 (5th Cir. 2013) ("The record is not adequately developed to enable us to review Gonzalez's IAC claim in the first instance, so we decline to address it on direct appeal.").

## IV.

Accordingly, because Montano has exhausted all available state remedies in accordance with our precedent, we REVERSE the dismissal of his habeas petition and REMAND for adjudication of his Double Jeopardy claim.[8]

---

[8] Montano asks us to grant him a certificate of appealability. Because Montano is correctly proceeding under 28 U.S.C. § 2241, a certificate of appealability is not required. *See Ojo v. I.N.S.*, 106 F.3d 680, 681 (5th Cir. 1997); *see also Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005).