# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20765

JOSEPH MONTANO,

        Petitioner - Appellant

v.

STATE OF TEXAS,

        Respondent - Appellee

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2019

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-860

Before JONES, HAYNES, and OLDHAM, Circuit Judges.

PER CURIAM:*

    After three days of trial, a state court declared a mistrial in Joseph Montano's trial for theft from a non-profit. Montano now asserts through a federal habeas petition under 28 U.S.C. § 2241 that he cannot be retried without the Government violating the Double Jeopardy Clause of the United States Constitution. We agree with the district court that Montano implicitly consented to the mistrial and therefore AFFIRM.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20765

## I.    Background

The facts on this summary judgment appeal are largely undisputed.[1] Joseph Montano's first state court trial for theft from a nonprofit organization ended in a mistrial. The mistrial came after one of the Government's witnesses began unexpectedly making incriminating statements on cross-examination. The state trial judge stopped the witness from testifying, called a recess, and eventually sent the jury home for the day to return the next morning.

The judge, Montano's counsel, and the Government began conferring about what to do. They decided the witness would need counsel and arranged for a public defender to advise him. After the public defender left with the witness, the judge raised the possibility that the witness would invoke his Fifth Amendment right to silence. Montano's counsel insisted that he needed to cross-examine the witness. The judge and both sides then discussed possible resolutions. Though the Government wanted only a short continuance, the idea of a mistrial became the focus. During the discussion, the public defender representing the witness returned and confirmed that the witness would invoke the Fifth Amendment. Montano's counsel maintained that he needed to cross-examine the witness. At no point during the discussion did Montano's counsel object to a potential mistrial. Eventually, the trial judge concluded that he would declare a mistrial. Montano's counsel again did not object. Although the court reporter did not transcribe all of these proceedings, this recitation of facts was developed through testimony of those in attendance. Montano has not cited any record evidence on appeal that contradicts this timeline of events.

---

[1] We review de novo a district court's grant of summary judgment, applying the same standard as the district court. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th Cir. 2017) (citing *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001)). We view all evidence in the light most favorable to Montano, the non-moving party. *See id.* at 328–29.

2

No. 17-20765

Before he could be tried again, Montano sought and was denied a pretrial writ of habeas corpus in Texas state court; he argued that a second trial would violate the Double Jeopardy Clause of the United States Constitution. The petition challenging the denial of the pretrial habeas petition was refused on appeal. The Texas Court of Criminal Appeals refused discretionary review originally and on a motion for rehearing.

Next, Montano filed a pretrial 28 U.S.C. § 2241 habeas petition in federal court, again asserting that retrial would violate his Double Jeopardy Clause rights. The State moved to dismiss the § 2241 petition arguing, among other things, that the petition was premature because Montano did not exhaust his state court remedies. The district court agreed issued a memorandum and order dismissing the § 2241 petition. On appeal, we reversed the dismissal and remanded to the district court to address the merits. *Montano v. Texas*, 867 F.3d 540, 546-47 (5th Cir. 2017). We concluded, among other things, that the record at that time was not sufficiently developed to allow consideration in the first instance of whether Montano impliedly consented to the mistrial. *Id.*

On remand, the State filed a motion for summary judgment arguing that Montano consented to the mistrial and that the mistrial was a manifest necessity. The district court granted the motion for summary judgment and denied Montano's § 2241 petition. Montano timely filed a notice of appeal.

## II.    Discussion

Montano is not entitled to a writ of habeas corpus because he has not identified any potential Double Jeopardy Clause violation. Once a criminal defendant's trial has begun, the trial court may not declare a mistrial except under certain circumstances; otherwise, re-trying the defendant violates the Double Jeopardy Clause. *United States v. Palmer*, 122 F.3d 215, 218 (5th Cir. 1997). One of the exceptions to that general rule is when a defendant consents to a mistrial. *Id.* Consent can be either express or implied. *Id.*

No. 17-20765

Only implied consent is relevant to this case.  "If a defendant does not timely and explicitly object to a trial court's *sua sponte* declaration of mistrial, that defendant will be held to have impliedly consented to the mistrial and may be retried in a later proceeding."  *Palmer*, 122 F.3d at 218.  "The determination of whether a defendant objected to a mistrial is made on a case-by-case basis, and the critical factor is whether a defendant's objection gave the court sufficient notice and opportunity to resolve the defendant's concern."  *United States v. El-Mezain*, 664 F.3d 467, 559 (5th Cir. 2011) (citing *United States v. Fisher*, 624 F.3d 713, 717 (5th Cir. 2010)).

Montano never objected to a mistrial, despite multiple opportunities, and he thus impliedly consented.  Montano contends that his counsel objected to a mistrial by telling the trial court that he needed to be able to cross-examine the witness.  But that was not an objection to a mistrial; it was further support for it.  The witness had already begun to testify on behalf of the Government but then began invoking his Fifth Amendment right.  Montano would not be able to meaningfully cross-examine the witness so long as the witness invoked the Fifth Amendment.  The trial court's decision to declare a mistrial was thus driven by Montano's concerns.  Montano had the opportunity to object to the trial court's course and to clarify that he preferred continuing the case rather than having a mistrial.  Indeed, the Government did just that, but Montano never raised such a concern either during the long afternoon where the mistrial concept was first raised or the next morning before the jury was dismissed.  Because Montano did not object to the mistrial despite being given the opportunity to do so, he impliedly consented to the mistrial and the Double Jeopardy Clause does not bar retrial.  *See El-Mezain*, 664 F.3d at 559; *Palmer*, 122 F.3d at 218.

Consequently, we AFFIRM the district court.

4