# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2022

Lyle W. Cayce
Clerk

No. 21-40728
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

VERONICA ORTEGA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
No. 7:19-CR-2342-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.
PER CURIAM:*

Veronica Ortega appeals her within-guidelines sentence for acceptance of a bribe by a public official, maintaining that the district court did not properly consider the 18 U.S.C. § 3553(a) factors. Ortega also contends, for the first time on appeal, that she is eligible for relief under 18 U.S.C.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40728

§ 3582(c)(1)(A)(i). We decline to consider the latter contention in this appeal. *See Montano v. Texas*, 867 F.3d 540, 546 (5th Cir. 2017).

Ortega's challenge to the substantive reasonableness of her sentence is reviewed for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). This court presumes that a sentence within a properly calculated guidelines range is reasonable, a presumption rebutted "only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The presumption is not rebutted here. The record shows that the district court listened to Ortega and her counsel, considered the § 3553(a) factors, and made an individualized assessment based on the facts. Ortega may disagree with how the court balanced the § 3553(a) factors, but that is not sufficient to warrant relief. *See United States v. Illies*, 805 F.3d 607, 609 (5th Cir. 2015).

AFFIRMED.