# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 19, 2024

Lyle W. Cayce
Clerk

————————

No. 23-30181

————————

Cameron Parish Recreation #6,

*Plaintiff—Appellee*,

*versus*

Indian Harbor Insurance Company; QBE Specialty Insurance Company; General Security Indemnity Company of Arizona; United Specialty Insurance Company; Lexington Insurance Company; Safety Specialty Insurance Company; Old Republic Union Insurance Company,

*Defendants—Appellants*,

consolidated with

————————

No. 23-30182

————————

Police Jury of Cameron Parish,

*Plaintiff—Appellee*,

*versus*

Indian Harbor Insurance Company; QBE Specialty Insurance Company; Steadfast Insurance Company; General Security Indemnity Company of Arizona;

UNITED SPECIALTY INSURANCE COMPANY; LEXINGTON INSURANCE COMPANY; SAFETY SPECIALTY INSURANCE COMPANY; OLD REPUBLIC UNION INSURANCE COMPANY,

*Defendants—Appellants*,

CONSOLIDATED WITH

_____

No. 23-30183

_____

SCHOOL BOARD OF CAMERON PARISH,

*Plaintiff—Appellee*,

*versus*

INDIAN HARBOR INSURANCE COMPANY; QBE SPECIALTY INSURANCE COMPANY; STEADFAST INSURANCE COMPANY; GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA; UNITED SPECIALTY INSURANCE COMPANY; LEXINGTON INSURANCE COMPANY; SAFETY SPECIALTY INSURANCE COMPANY; OLD REPUBLIC UNION INSURANCE COMPANY,

*Defendants—Appellants*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC Nos. 2:22-CV-5287, 2:22-CV-5348,
2:22-CV-5283

_____

Before JONES, HAYNES, and DOUGLAS, *Circuit Judges*.

PER CURIAM:

This appeal involves an underlying dispute over arbitration. Cameron Parish Recreation #6, Police Jury of Cameron Parish, and School Board of

2

No. 23-30181
c/w Nos. 23-30182, 23-30183

Cameron Parish (collectively, "Plaintiffs") each purchased nearly identical surplus lines insurance policies from a group of insurance companies ("Defendants") to provide coverage for commercial properties located in Louisiana.

Each policy is structured as a single overall policy that provides component coverage parts supplied by each insurer. But each policy notes that it should be construed "as a separate contract between the Insured and each of the Underwriters." The policies also include an arbitration clause:

> All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.

After Plaintiffs were denied coverage for damage to their properties from Hurricane Laura, they each filed separate lawsuits against Defendants in Louisiana state court. Defendants removed the cases to federal court and filed motions to compel arbitration pursuant to 9 U.S.C. §§ 4 and 202. They also moved to stay the case pursuant to 9 U.S.C. § 3.

The district court refused the stay and ordered what it phrased as "limited discovery" into arbitrability. Defendants filed separate appeals, all of which were ultimately consolidated in this court. Plaintiffs contend that we lack appellate jurisdiction.

We disagree. We have appellate jurisdiction under 9 U.S.C. § 16(a)(1)(A) over the district court's refusal to stay the case. *Cf. Salas v. GE Oil & Gas*, 857 F.3d 278, 280 (5th Cir. 2017) (concluding the court had appellate jurisdiction under § 16(a)(1) because the district court's order withdrawing a prior order that had granted a motion to compel arbitration effectively denied an application to compel arbitration); *Koveleskie v. SBC*

3

*Cap. Mkts., Inc.*, 167 F.3d 361, 363 (7th Cir. 1999) (concluding the court had appellate jurisdiction under § 16(a)(1) because the district court's refusal to compel arbitration until further discovery was conducted constituted a denial of the motion to compel arbitration).

We also conclude that discovery is not needed to determine whether there is a valid agreement to arbitrate because the dispute can be decided as a matter of law. *See Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008) (per curiam) (explaining that in determining whether a party agreed to arbitrate a dispute, the court asks two questions—one, is there a valid agreement to arbitrate the claims, and two, does the dispute fall within the scope of the arbitration agreement). Thus, even if we review under an abuse of discretion standard, the district court improperly refused to grant the stay.

Because the district court did not expressly address whether arbitration is proper, we determine that it is appropriate to give the district court the first instance and have it determine whether to grant arbitration based upon the policy. *See Montano v. Texas*, 867 F.3d 540, 546 (5th Cir. 2017) (noting that as a court of review, not first view, we generally do not "decide facts or make legal conclusions in the first instance" (quotation omitted)). Accordingly, we VACATE the discovery order and REMAND for the district court to immediately grant a stay of the case pending its decision on arbitration. This is a full remand; we do not retain the case.