# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 1, 2026

Lyle W. Cayce
Clerk

No. 25-50535

Kwame Munajj,

*Plaintiff—Appellant*,

*versus*

City of Fredericksburg; James Wayman,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:24-CV-1343

_____

Before Willett, Wilson, and Douglas, *Circuit Judges*.

Per Curiam:*

This case began as a payment dispute between a landowner, Kwame Munajj, and Jerod Drew, a worker who renovated Munajj's second property and later occupied it without permission. The dispute drew police involvement and ultimately led to Munajj's arrest. After the assault charge was dismissed, Munajj sued Officer James Wayman—the arresting officer—and the City of Fredericksburg for alleged constitutional violations. The

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

district court dismissed the complaint for failure to state a claim. We AFFIRM.

I

Kwame Munajj and his wife are Houston residents who own a second property in Fredericksburg, Texas. The couple acquired and furnished the property intending to rent it on a short-term basis. But a payment dispute stalled that plan.

In November 2023, Munajj contacted the Fredericksburg Police Department (FPD) about a suspicious person who had broken into and began living in the rental property's guest home. FPD officers responded and identified the occupant as Jerod Drew—a worker Munajj had hired to help remodel the property. Drew admitted to officers that he was not Munajj's tenant but had moved onto the Fredericksburg property because Munajj refused to pay him for its renovation.

The officers left without removing Drew, informed Munajj of Drew's demand for payment, and advised him that formal eviction proceedings would be required to remove Drew. Dissatisfied with the officers' response, Munajj resorted to self-help. He changed the locks on the property's doors, hoping to prevent Drew from reentering. Upon discovering the new locks, Drew called the police on Munajj and alleged that Munajj had threatened him with a handgun.

Officers—including Appellee James Wayman—responded to Drew's call and returned to Munajj's Fredericksburg property. Although the police dispatcher informed Wayman of an armed suspect, none of the officers located a firearm at the scene. On Drew's telling, however, Munajj had revealed a gun in his waistband, threatened to "f***ing kill" Drew, and mimed a throat-slitting gesture. Whether those actions occurred is disputed. What happened after the officers arrived, however, is not. Drew showed the

officers a video depicting Munajj at the rental property in an agitated state—apparently yelling at him. Drew then provided a sworn statement reiterating his allegations against Munajj and consistent with Wayman's incident report.

Considering the totality of circumstances—including Munajj's prior interactions with police, reports of a firearm, Drew's sworn statement, and video showing Munajj angrily confronting Drew—Wayman arrested Munajj for assault by threat. *See* TEX. PENAL CODE § 22.01(a)(2). Afterwards, Wayman filed an affidavit describing the incident and a magistrate judge determined that probable cause supported the arrest. Munajj's assault charge was eventually dismissed and this lawsuit followed.

Munajj sued Officer Wayman and the City of Fredericksburg under 42 U.S.C. § 1983, alleging wrongful arrest against Wayman, and municipal liability for the City's unlawful taking and failure to train or supervise its police officers. Wayman and the City each moved to dismiss Munajj's complaint for failure to state a claim, and the district court granted both motions because Munajj failed to identify a violation of his clearly established rights.

On appeal, Munajj reprises his false-arrest and municipal-liability claims against Wayman and the City, respectively. For the reasons discussed below, we AFFIRM the district court's dismissal of Munajj's action.

No. 25-50535

## II

We review Rule 12(b)(6) dismissals *de novo*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although we accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff," we do not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (internal quotation marks and citation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 668.

## III

Munajj alleges that Wayman wrongfully arrested him in violation of state and federal law, and the City failed to train or supervise its officers. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (recognizing municipal liability under § 1983). Neither argument succeeds.

## A

Munajj argues that Wayman violated his constitutional rights by unlawfully arresting him. According to Munajj, Wayman lacked probable cause for the arrest and misrepresented facts to the magistrate judge who later confirmed probable cause. Wayman's actions, Munajj asserts, violated clearly established state and federal law. The district court rejected Munajj's false arrest claim because it found probable cause for his arrest and, alternatively, that Wayman was entitled to qualified immunity for his actions. We agree with both reasons for the claim's dismissal.

4

No. 25-50535

Because probable cause supported Munajj's arrest, the arrest did not violate the Fourth Amendment. *See Flores v. City of Palacios*, 381 F.3d 391, 402 (5th Cir. 2004) ("An arrest is unlawful unless it is supported by probable cause."). "Probable cause exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed . . . an offense." *United States v. Levine*, 80 F.3d 129, 132 (5th Cir. 1996).

Here, Wayman had probable cause to believe that Munajj committed a crime—assault by threat—against Drew. *See* Tex. Penal Code § 22.01(a)(2). At the time of Munajj's arrest, Wayman knew that Munajj and Drew had previously been involved in heated arguments that led to police involvement. Dispatch had notified Wayman of an armed suspect at the scene. Drew, moreover, alleged that Munajj had shown him a gun and threatened to "f***ing kill" him. Wayman also viewed footage that depicted Munajj aggressively yelling at Drew. Taken together, those facts established probable cause to arrest Munajj for assault by threat.[1]

Munajj's argument that Wayman misrepresented material facts to the magistrate judge is equally unavailing. According to Munajj, Wayman's probable cause affidavit omitted information that would vitiate probable cause for his arrest. Munajj, for example, says that Wayman failed to note that no gun was recovered and two witnesses contradicted Drew's allegations

---

[1] Although we review this case at the motion-to-dismiss stage, the uncontroverted facts suffice to establish probable cause. "The question of probable cause is a mixed question of law and of fact. Whether the circumstances alleged to show it probable are true, and existed, is a matter of fact; but whether, supposing them to be true, they amount to a probable cause, is a question of law." *Reitz v. Woods*, 85 F.4th 780, 788 (5th Cir. 2023) (quoting *Stewart v. Sonneborn*, 98 U.S. 187, 194 (1878)). Munajj does not dispute the factual allegations underlying Wayman's probable-cause determination. Instead, Munajj argues that Wayman's proffered facts fail to establish probable cause as a matter of law.

5

against Munajj. But the district court considered those alleged omissions and, given the totality of circumstances, nevertheless found probable cause for Munajj's arrest. We agree with the district court that the facts outlined above support Munajj's arrest.

Next, Wayman is entitled to qualified immunity for his arrest of Munajj. An officer is entitled to qualified immunity unless his conduct violates "clearly established statutory or constitutional rights." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To demonstrate clearly established law, a plaintiff must "identify a case—usually, a body of relevant case law—in which an officer acting under similar circumstances was held to have violated the Constitution." *Joseph v. Barlett*, 981 F.3d 319, 330 (5th Cir. 2020) (cleaned up).

As noted above, Wayman had probable cause to arrest Munajj for assault by threat. Accordingly, Munajj fails to identify a Fourth Amendment violation that would support a § 1983 action. *See Cole v. Carson*, 935 F.3d 444, 451 (5th Cir. 2019) (en banc) ("The officer is entitled to qualified immunity if there is no violation[.]"), *as revised* (Aug. 21, 2019). Even if probable cause were lacking, Munajj's claim against Wayman would still fail. Clearly established law does not proscribe arrests based on reasonable but mistaken determinations of probable cause. *See Mangieri v. Clifton*, 29 F.3d 1012, 1017 (5th Cir. 1994) (citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). To the contrary, "settled law" clarifies that officers "are entitled to immunity if a reasonable officer could have believed that probable cause existed to arrest" a suspect. *Hunter*, 502 U.S. at 228.

At the district court, Munajj asserted only that clearly established constitutional—rather than statutory—law vindicates his § 1983 action. On appeal, however, he introduces a state-law theory in support of his § 1983 claim against Wayman. According to Munajj, Wayman violated clearly

established Texas law by arresting Munajj without witnessing a crime. *See* TEX. CODE. CRIM. PROC. art. 14.01(b), 14.03. Because Munajj did not raise his Texas statutory argument at the district court and that court did not evaluate the argument, we decline to consider it in the first instance. *See Montano v. Texas*, 867 F.3d 540, 546 (5th Cir. 2017) ("As a court for review of errors, we do not decide facts or make legal conclusions in the first instance, but review the actions of a trial court for claimed errors." (cleaned up)).

Munajj's false arrest claim against Wayman therefore fails both on the merits and on immunity grounds.

B

Munajj's *Monell* claim against the City falls as well. "We have stated time and again that 'without an underlying constitutional violation, an essential element of municipal liability is missing.'" *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 866–67 (5th Cir. 2012) (en banc) (alterations and citations omitted). Munajj fails as a matter of law to identify a constitutional violation. That, by itself, dooms his failure-to-train or supervise claim against the City.

Dismissal was also proper for a second reason: Munajj failed to plausibly allege deliberate indifference by the City. "To succeed on his claim of failure to train or supervise," Munajj must demonstrate that (1) the defendant failed to train or supervise the officers involved; (2) a causal connection existed between the alleged failure and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise reflected deliberate indifference to the plaintiff's constitutional rights. *See Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003) (internal quotation marks and citation omitted). Showing deliberate indifference requires a plaintiff to "demonstrate a pattern

of violations and that the inadequacy of the training is 'obvious and obviously likely to result in a constitutional violation.'" *Id.* (citation omitted).

The district court correctly dismissed Munajj's failure-to-train or supervise claim because he pled that the City was negligent rather than deliberately indifferent. *See id.* On appeal, Munajj alleges deliberate indifference against the City. According to Munajj, the City has a "persistent, widespread practice" of failing to enforce trespassing laws. But that allegation is conclusory: instead, Munajj must "cite sufficiently numerous prior incidents, each of which includes specific facts that are sufficiently similar to those alleged here." *Verastique v. City of Dallas*, 106 F.4th 427, 432 (5th Cir. 2024). Because Munajj provides no such specifics, he fails to show deliberate indifference. Accordingly, he does not state a *Monell* claim against the City.

\* \* \*

We AFFIRM.