# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 2, 2021

Lyle W. Cayce
Clerk

No. 20-10730

Harold Edward Rutila, IV,

*Plaintiff—Appellant*,

*versus*

United States Department of Transportation;
Federal Aviation Administration,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:16-CV-2911
No. 3:16-CV-3433

Before Owen, *Chief Judge*, Smith and Graves, *Circuit Judges*.
Jerry E. Smith, *Circuit Judge*:

Harold Rutila sued the U.S. Department of Transportation and the Federal Aviation Administration ("FAA") because he was dissatisfied with the FAA's response to several of his Freedom of Information Act ("FOIA") requests. Determining that Rutila had failed to allege that the FAA improperly withheld agency records, the district court dismissed for want of jurisdiction. We disagree with that determination and reverse and remand.

No. 20-10730

## I.

In 2016, Rutila was working toward becoming an air traffic controller. The FAA hired him on a conditional basis in that capacity while he attempted to complete the training courses required to attain permanent status. But he failed a step in the training program and, consequently, was not retained as a permanent air traffic controller.

Rutila then submitted ten FOIA requests seeking documents and records from his time with the FAA. Five of those requests are relevant to this appeal. In response to them, the FAA issued one "no records" response, sought to clarify the scope of another, initially responded to two others stating that the requests were improper for independent reasons, and issued one response explaining that that request was not "perfected" because Rutila had failed to make a good-faith commitment to pay the fees required to process the request. Dissatisfied with those responses, Rutila sued *pro se*.[1]

The agencies moved to dismiss for failure to state a claim upon which relief can be granted and for want of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and (6). The district court referred that motion to a magistrate judge ("MJ"), who determined that the court "lack[ed] subject matter jurisdiction as to all but three of [Rutila's] FOIA requests." Accordingly, the MJ recommended dismissal of the remaining claims.

The district court adopted the MJ's findings and conclusions, reasoning that Rutila had failed to allege that defendants "improperly withheld" agency records. Thus, the court dismissed for want of jurisdiction. Rutila, now represented by counsel, appeals.

## II.

We review a dismissal for want of jurisdiction *de novo*. *John Corp. v.*

---

[1] To be precise, Rutila filed two separate suits. But those suits were consolidated and can be treated as a single action for our purposes.

*City of Hous.*, 214 F.3d 573, 576 (5th Cir. 2000). "Jurisdiction in a FOIA suit is based upon the plaintiff's showing that an agency has (1) improperly (2) withheld (3) agency records." *Goldgar v. Off. of Admin., Exec. Off. of the President*, 26 F.3d 32, 34 (5th Cir. 1994) (per curiam). So, if a plaintiff does not "allege any improper withholding of agency records," he "fail[s] to state a claim [over] which a court has jurisdiction under the FOIA." *Id.* Additionally, and importantly for the purposes of this case, "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up).

The district court reasoned that, because Rutila "broadly 'challenged Defendants' adequacy of search' without alleging that Defendants 'improperly withheld' any agency records," he failed to invoke the court's FOIA jurisdiction. But that gloss on Rutila's complaint does not give it the liberal construction it was due.[2] For each of the five requests at issue, Rutila averred that the FAA "failed to produce the requested records" (i.e., it "withheld agency records") "or determine that the requested records are lawfully exempt from production" (i.e., it did so "improperly").

Construing the complaint liberally, as the district court was bound to do, it ought to have determined that Rutila sufficiently alleged that the agency had improperly withheld agency records. That's sufficient to invoke the court's subject matter jurisdiction. *See Goldgar*, 26 F.3d at 34. We take no

---

[2] Even if the district court hadn't construed Rutila's complaint too narrowly, an allegation that the agency's search was inadequate likely is sufficient to invoke FOIA jurisdiction. *See Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) ("A requester dissatisfied with the agency's response that no records have been found may challenge the adequacy of the agency's search by filing a lawsuit in the district court after exhausting any administrative remedies."). But, although other circuits have resolved it, the Fifth Circuit has not yet addressed whether that more bare-bones allegation provides FOIA jurisdiction. Because Rutila's complaint sufficiently invoked the court's jurisdiction either way, we leave that question for another day.

No. 20-10730

position on the merits of the FAA's 12(b)(6) motion to dismiss, which the district court can consider in the first instance on remand.[3]

REVERSED and REMANDED.[4]

---

[3] It is within our discretion to affirm on any ground supported by the record. *See, e.g.*, *Clarkston v. White*, 943 F.3d 988, 992 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2763 (2020). But, "mindful that we are a court of review, not of first view," we opt not to seek out alternative grounds on which we might uphold the judgment. *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005).

[4] Rutila's motion to supplement the record or, alternatively, to take judicial notice is DENIED.