# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 6, 2022

Lyle W. Cayce
Clerk

No. 21-11231

In the Matter of: Life Partners Holdings,
Incorporated

*Debtor*,

H. Thomas Moran, II, as Trustee for Life Partners
Holdings, Inc.; Life Partners, Incorporated; Life
Partners Financial Services, Incorporated; Alan M.
Jacobs, As Trustee for Life Partners Creditors' Trust;
Life Partners Creditors' Trust,

*Appellees*,

*versus*

Richard Bryan Simpson,

*Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-cv-300

Before Richman, *Chief Judge*, and Ho and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Richard Simpson had actual notice of a court-ordered settlement conference but did not participate in the conference. The district judge ordered a default judgment against Simpson. Simpson claims to not have received notice of the default judgment until several months later. The district court denied Simpson's motion to set aside the judgment. Because Simpson has not offered a meritorious defense, we affirm.

## I

Simpson is one of many defendants in an adversarial bankruptcy proceeding. In the interest of brevity, we limit our discussion of the facts of this case to those directly relevant to the instant appeal. A more detailed statement of the facts underlying this case may be found in our prior opinions regarding this dispute.[1] This proceeding has gone on for several years, and Simpson had retained counsel for the vast majority of it. In June 2020, pursuant to local rules, the district court ordered the parties to engage in settlement conferences before September 30, 2020 or face default judgment "without further notice." Simpson does not dispute that he received notice of this order.

Sometime before September 2, 2020, Simpson informed his attorney, Thomas Brandon, that he would not be renewing Brandon's retainer. Brandon replied that he would move to withdraw. In his withdrawal motion to the court, Brandon cited as his reasons for withdrawal not only Simpson's refusal to pay, but also the fact that Simpson was not cooperating with

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] *See, e.g.*, *Life Partners Creditors' Tr. v. Cowley*, 926 F.3d 103 (5th Cir. 2019); *SEC v. Life Partners Holdings, Inc.*, 854 F.3d 765 (5th Cir. 2017).

preparation for the required settlement conference. Brandon also sent an email saying as much to Simpson.

Before withdrawing, Brandon informed Simpson—again—of the requirement of a settlement conference prior to September 30, 2020, and the possibility of default if he did not engage in the conference. Brandon suggested that Simpson reach out to opposing counsel (McGee) to see how they wanted to proceed. Simpson does not dispute that he received this notice. On September 4, 2020, McGee sent Simpson a letter by certified mail requesting Simpson's participation in a settlement conference on either September 16th or 17th and again reiterating the necessity of conferring prior to the end of the month. Simpson replied via email on September 16th that he would send McGee some financial documents necessary to the conference. Simpson claims to have sent the documents, although it is undisputed that he never attended a settlement conference.

The district court instructed McGee to move to strike Simpson's answer and for default judgment. McGee did so and the court granted the default judgment. Simpson claims to not have received notice of this judgment until a debt collector came calling in May 2021. The reason, according to Simpson, is that Brandon provided the court with an incorrect email address for Simpson, so the court's electronic notifications did not reach him.

In October 2021, nearly a full year after judgment, Simpson moved to set aside the default judgment under Federal Rule of Civil Procedure 60(b).[2] He argued that the judgment should be set aside due to his mistaken email address and because he did not receive notice of the default judgment. The court denied the motion, stating that Simpson had not pressed a meritorious

---

[2] *See* FED. R. CIV. P. 60(b).

No. 21-11231

defense and had not adequately kept himself apprised of the litigation. After an unsuccessful motion for reconsideration, Simpson appealed to this court.

## II

Under Federal Rule of Civil Procedure 60(b), a court "may set aside a final default judgment."[3] It "may relieve a party" from a judgment due to, inter alia, "excusable neglect," "mistake," or "void[ness]."[4] This court reviews a denial of a motion to set aside a default judgment for abuse of discretion.[5] We consider "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."[6]

## A

Simpson argues that his judgment should be set aside due to Brandon's mistake regarding the email address.[7] Although the mistake is uncontested,[8] the district court rested its order on the fact that Simpson had declined to present a meritorious defense to the underlying claim. Simpson's only argument was that his email was recorded incorrectly such that he did

---

[3] Fed. R. Civ. P. 55(c).

[4] Fed. R. Civ. P. 60(b)(1), (4).

[5] *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 500 (5th Cir. 2015).

[6] *Id.* (citation omitted); *see also Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119-20 (5th Cir. 2008) (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) ("A district court has the discretion to refuse to set aside a default judgment . . . if the defendant 'fails to present a meritorious defense sufficient to support a finding on the merits for the defaulting party.'")).

[7] Life Partners has declined to file an appellee's brief, so we consider only Simpson's arguments.

[8] The Northern District of Texas's clerk's office eventually changed the email on file for Simpson, but it informed him that he could have updated the email on file at any time.

not receive notice of the judgment against him.  He did not offer a defense to the judgment itself.  Nor does Simpson press a defense on appeal—let alone a meritorious one.  We cannot say that the district court abused its discretion in denying Simpson's Rule 60(b)(1) motion based on the email mistake.[9]

## B

Simpson also contends that he was deprived of due process because he was not given notice of the default judgment.[10]  While we liberally construe pro se briefs, there must be an argument for us to construe.[11]  There is a single mention of this argument in Simpson's brief.  But even assuming Simpson has sufficiently presented this argument on appeal, he did not raise it at the district court.  "A party forfeits an argument by failing to raise it in the first instance in the district court . . . ."[12]  This argument is forfeited, and we do not consider it.

*      *      *

Because Simpson has not pressed a meritorious defense, we AFFIRM.

---

[9] *See Wooten*, 788 F.3d at 500.

[10] *See* FED. R. CIV. P. 60(b)(4) (providing for relief from "void" judgments); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (holding that rule 60(b)(4) applies "in the rare instance where a judgment is premised . . . on a violation of due process that deprives a party of notice or the opportunity to be heard").

[11] *Rutila v. Dep't of Transp.*, 12 F.4th 509, 511 (5th Cir. 2021) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("'A document filed pro se is to be liberally construed.'")); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

[12] *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).