# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 7, 2022

Lyle W. Cayce
Clerk

No. 22-10050

SIMON GARCIA; REBECCA GARCIA; JOSE CAMPOS;
CHRISTOPHER GARCIA,

*Plaintiffs—Appellants*,

*versus*

SWIFT BEEF COMPANY; MANNY GUERRERO; ASHLEY HENNING;
JACOB MONTOYA; DONNA ESTRADA,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:20-CV-263

Before HIGGINBOTHAM, DUNCAN, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:*

Plaintiffs sued their managers and employer, Swift Beef Company, for gross negligence in Texas state court alleging that they contracted COVID-19 while working at one of the corporation's plants. After the employer removed the case to federal court, the district court found federal officer

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-10050

removal jurisdiction, but we subsequently held that there was no jurisdiction in *Glenn v. Tyson Foods, Inc* based on similar facts.[1] As the facts of this case do not materially differ from those in *Glenn*, we vacate the district court's orders dismissing the plaintiff-employees' claims and denying remand to state court, and we remand to the district court for further proceedings consistent with this opinion.

## I.

The plaintiff-employees in this case filed suit in Texas state court alleging negligence and gross negligence against their managers for failing to provide a safe work environment during the COVID-19 pandemic. The employees then amended their complaint to include Swift Beef Company, which removed to federal court based on federal question jurisdiction,[2] diversity jurisdiction,[3] and federal officer jurisdiction.[4] The employees moved to remand the case back to Texas state court, arguing that none of these bases provided the district court with jurisdiction. The district court determined that it had jurisdiction under the federal officer removal statute according to this court's guidance in *Latiolais v. Huntington Ingalls, Inc.*[5] In reaching that conclusion, the court reasoned that the defendant-employer acted at the direction of a federal officer because an April 2020 presidential proclamation designated the company "critical infrastructure," satisfying one of the *Latiolais* test's three prongs. The district court then granted the managers' motion to dismiss under Texas state law providing that the

---

[1] 40 F.4th 230 (5th Cir. 2022).

[2] 28 U.S.C. § 1331.

[3] 28 U.S.C. § 1332.

[4] 28 U.S.C. § 1442.

[5] 951 F.3d 286 (5th Cir. 2020).

individual defendants had no independent duty to their fellow employees. The court also granted Swift Beef Company's motion to dismiss because the plaintiff-employees failed to state a claim under Texas's Pandemic Liability Protection Act. The employees timely appealed, arguing that Swift Beef Company failed to establish federal jurisdiction and that the district court erred in granting the motions to dismiss.

After the employees appealed, this court concluded in *Glenn* that a food production company does not act at the direction of a federal officer under *Latiolais* simply because the government designated its facilities "critical infrastructure" during the COVID-19 pandemic.[6] Neither did heavy regulation or encouragement to remain open indicate federal direction, given that the federal government did not instruct the company to continue operations.[7] The relevant facts and arguments in this appeal are not distinguishable in any relevant way from those in *Glenn*, compelling the conclusion that Swift Beef Company failed to establish federal jurisdiction over the employees' claims through the federal officer statute.[8]

As the district court did not address the parties' arguments regarding other bases for federal jurisdiction, we will not address those issues for the first time on appeal.[9] As Swift Beef Company has not demonstrated that

---

[6] 40 F.4th at 234–35.

[7] *Id.* at 235–37.

[8] *See also Fields v. Brown*, No. 21-40818, 2022 WL 4990258 (5th Cir. Oct. 3, 2022) (reaching a similar conclusion); *Wazelle v. Tyson Foods, Inc.*, No. 22-10061, 2022 WL 4990424 (5th Cir. Oct. 3, 2022) (same).

[9] *See, e.g.*, *Rutila v. Dep't of Transportation*, 12 F.4th 509, 511 n.3 (5th Cir. 2021) ("But, 'mindful that we are a court of review, not of first view,' we opt not to seek out alternative grounds on which we might uphold the judgment." (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005))); *Montano v. Texas*, 867 F.3d 540, 546–47 (5th Cir.

No. 22-10050

federal courts have jurisdiction over the employees' claims, we likewise do not reach the merits.[10]

****

We VACATE the district court's orders dismissing the plaintiff-employees' claims and denying remand to state court. This case is REMANDED to the district court for further proceedings consistent with this opinion.

---

2017) (noting that we are a "court of review, not of first view" and remanding a matter not addressed by the district court for examination in the first instance (quotation omitted)).

[10] *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("'Without jurisdiction the court cannot proceed at all in any cause'; it may not assume jurisdiction for the purpose of deciding the merits of the case." (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998))).