# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2023

Lyle W. Cayce
Clerk

No. 21-10671

Reyce Janon Cook, also known as Reyce Cook,

*Plaintiff—Appellant*,

*versus*

Charles R. Horsely, Warden; Joe Milburn, Assistant Warden; Matthew T. Seymour, Major; Jacob D. Williams, Captain; White, Sergeant; Jane Doe, Cadet(s); John Doe, Cadet(s),

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:18-CV-77

Before Wiener, Stewart, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

Reyce Janon Cook ("Cook"), a prisoner with the Texas Department of Criminal Justice ("TDCJ"), brought a Section 1983 claim against multiple prison guards and administrators alleging that his Fourth Amendment rights were violated when he was strip searched as part of a training exercise in the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-10671

presence of female guards and dozens of other inmates. The district court dismissed Cook's complaint with prejudice, and he was issued a strike pursuant to 28 U.S.C. § 1915(g). We REVERSE in part, VACATE in part, and REMAND.

## I. Background

Cook was incarcerated at the TDCJ Neal Unit. On December 22, 2017, Captain Jacob Williams, Sergeant White, multiple other prison guards, and 40 to 50 male and female prison guard cadets entered a prison dorm to conduct a strip search training exercise. As part of the training exercise, cadets ordered Cook to remove his clothing and expose his genitals and anal cavity within view of other cadets, inmates, and prison officers. Approximately twenty-five of the cadets and guards who were present for and participated in the strip search were female. Cook alleges that portions of the search were conducted by cadets without gloves, despite an outbreak of staph infection in the Neal Unit. Prison officials videotaped and photographed the training exercise. Cook alleges that Warden Charles R. Horsely, Assistant Warden Joe Milburn, and Major Matthew T. Seymour (collectively "Prison Administrators") approved the exercise.

## II. Standard of Review

We review the district court's dismissal of Cook's claims for abuse of discretion. *See Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). A complaint is frivolous if it lacks (1) an arguable basis in law because "it is based on an indisputably meritless legal theory" or (2) an arguable basis in fact "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (quotations omitted). We must assume that a plaintiff's factual allegations are true, *Moore v. Carwell,* 168 F.3d 234, 236 (5th Cir. 1999), and we recognize that a *pro se* prisoner is entitled to factually

develop his complaint before a proper determination can be made as to whether it is frivolous, *see Eason v. Thaler*, 14 F.3d 8, 9–10 (5th Cir. 1994).

### III. Analysis

We first address Cook's claims that his strip search was unreasonable because "there was no legitimate penological justification for the search." Under the Fourth Amendment, "searches or seizures conducted on prisoners must be reasonable under all the facts and circumstances in which they are performed." *Elliott v. Lynn,* 38 F.3d 188, 190–91 (5th Cir. 1994) (citation omitted). In analyzing the reasonableness of a search, the district court is required to balance the need for the search against the invasion of personal rights that the search entails by considering the scope of the intrusion, the manner in which the search was conducted, the justification for the search, and the place in which the search was conducted. *See Watt v. City of Richardson Police Dep't,* 849 F.2d 195, 196–97 (5th Cir. 1988).

Since the district court did not evaluate the reasonableness of Cook's strip search, the dismissal of Cook's complaint against the participating guards and cadets was premature. *See, e.g.*, *Rutila v. Dep't of Transp.*, 12 F.4th 509, 511 n.3 (5th Cir. 2021) ("But, 'mindful that we are a court of review, not of first view,' we opt not to seek out alternative grounds on which we might uphold the judgment." (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005))); *Montano v. Texas*, 867 F.3d 540, 546–47 (5th Cir. 2017) (noting that we are a "court of review, not of first view" and remanding a matter not addressed by the district court for examination in the first instance (quotation omitted)). On the face of his pleadings, Cook appears to have articulated a viable argument that the strip search was unreasonable. Further fact inquiry through a *Spears* hearing should help the district court evaluate the reasonableness of the search. *See Spears v. McCotter*, 766 F.2d 179, 181–82

(5th Cir. 1985). Accordingly, we VACATE the dismissal of Cook's Fourth Amendment challenge to the strip search.

In addition to filing suit against the guards and cadets that participated in the strip search, Cook brought suit against the Prison Administrators under Section 1983 for their failure to properly train and supervise the guards and cadets who conducted the search. The district court dismissed Cook's claims against the Prison Administrators on the premise that his claims were based solely on vicarious liability, which is not permissible under section 1983. However, the district court did acknowledge that Cook could have succeeded on his claims if he had alleged that the defendants "either implemented an unconstitutional policy that directly resulted in injury to the plaintiff or failed to properly train a subordinate employee."

The filings of a *pro se* litigant are "'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Furthermore, a *pro se* complaint "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle*, 429 U.S. at 106 (internal quotations omitted). If it appears that insufficient factual allegations could be remedied, "the principal vehicles which have evolved for remedying inadequacy in prisoner pleadings are the *Spears* hearing and a questionnaire to bring into focus the factual and legal bases of prisoners' claims." *Eason*, 14 F.3d at 9 (internal quotation and citation omitted).

Accepting Cook's allegations as true, the district court erred in dismissing his complaint against the Prison Administrators. Cook alleged that the Prison Administrators "approved this illegal search." When construed liberally, this claim suffices as a *prima facie* case that the Prison

No. 21-10671

Administrators "either implemented an unconstitutional policy that directly resulted in injury to the plaintiff or failed to properly train a subordinate employee." Further allegations from the complaint, including that the search was conducted and supervised by senior level prison guards and was photographed and filmed supports this reading of Cook's complaint. Accordingly, it is not "beyond doubt" that Cook could prove a set of facts that would support his claims. A *Spears* hearing or questionnaire would be especially helpful in assisting both Cook and the district court in evaluating Cook's claims against the Prison Administrators. For the above reasons, we REVERSE the district court's dismissal as to this claim and REMAND for further proceedings. In accordance with this reversal, the strike issued to Cook under 28 U.S.C. § 1915(g) is nullified. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).